IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM J. WINTER,

    Plaintiff,                                      Case No. 2:12-cv-00069
                                                Judge Gregory L. Frost
v.                                                  Magistrate Judge Terrence P. Kemp

ABBOTT LABORATORIES, et al.,

    Defendants.

## OPINION AND ORDER

Before the Court are Defendant Kevin B. Mason's Motion to Dismiss (ECF No. 7), Plaintiff William J. Winter's Response (ECF No. 15), and Defendant Mason's Reply Brief in Support of his Motion to Dismiss (ECF No. 16). For the reasons set forth below, the Court **GRANTS** Defendant Mason's Motion.

### I. Background

Plaintiff William J. Winter filed a Complaint in the Franklin County (Ohio) Court of Common Pleas on December 20, 2011, alleging one count of age discrimination in employment under Ohio state law. (Compl., ECF No. 4.) Winter named his former employer, Abbott Laboratories ("Abbott") as a Defendant; named as individual Defendants are Mimi C. Goller and Mason. (*Id.* at ¶¶ 3-4.) Plaintiff alleges that Goller was his direct supervisor and that Mason was the "Columbus human resource liaison within Abbott who participated in plaintiff's termination." (*Id.*)

Defendants jointly removed the action, invoking this Court's diversity jurisdiction. (Notice of Removal, ECF No. 2.) Defendants averred that Defendant Abbott is an Illinois

1

corporation with its principal place of business in Illinois and averred that Defendant Goller is a citizen of Wisconsin. (*Id.* at ¶ 9.) Defendants acknowledged that Mason is an Ohio citizen, as is Plaintiff; the Notice of Removal alleged, however, that Mason had been fraudulently joined in the action to destroy diversity jurisdiction and prevent removal to federal court. (*Id.* at ¶¶ 8-9, 12.) *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (noting that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds). Noting that Plaintiff's sole claim against Mason was for supervisor/manager liability under Chapter 4112 of the Ohio Revised Code, *see Genaro v. Central Transp., Inc.*, 84 Ohio St. 3d 293, 300, 703 N.E. 2d 782 (1999), Defendants asserted that Mason could not be held liable under Ohio law because he "was ***never*** Plaintiff's supervisor or manager." (ECF No. 2, at ¶ 15 (emphasis in original).) Plaintiff did not move to remand the case to state court.

Shortly after removing the case to this Court, Defendant Mason filed his Motion to Dismiss the Plaintiff's Complaint against him under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. to Dismiss, ECF No. 7.) As in the Petition for Removal, Mason's Motion to Dismiss argued that individual liability could not lie against him as a matter of law. (*Id.* at 2-3.) The Motion also argues that the Complaint does not allege any discriminatory acts committed by Mason. (*Id.* at 4.)

In his Response to Mason's Motion to Dismiss, Plaintiff does not oppose the dismissal of Mason as a defendant in this case. Plaintiff denies, however, that Mason was fraudulently joined at the outset. Plaintiff contends that Mason was joined as a Defendant because "a human resources manager who approved and participated in an unlawful termination is an appropriate defendant under Chapter 4112 of the Ohio Revised Code." (Pltf. Response, ECF No. 15.)

Plaintiff did not oppose removal to federal court, however, based on Mason's representation that he played no role in Plaintiff's termination. (*Id.* at 1.) For that same reason, Plaintiff does not oppose Mason's dismissal from the case. (*Id.* at 4.) Plaintiff indicates, however, that he will seek leave to amend his Complaint to join another human resources manager as a Defendant. (*Id.* at 1-2.)

## II. Discussion

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading, when accepted as true and construed in the light most favorable to the plaintiff, must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

In this case, the Court need not undertake a rigorous analysis of the Complaint's allegations against Mason. Plaintiff does not oppose the dismissal of Mason based on the Defendants' representations to the Court that Mason had no involvement in the decision or approval of Plaintiff's employment termination. Though Plaintiff still states his intent to pursue an Abbott human resources individual to join as a Defendant in this action, he has effectively conceded that Mason is not the proper human resources individual. The Court therefore **GRANTS** Defendant Mason's Motion to Dismiss.

In Plaintiff's Response to Mason's Motion to Dismiss and in Mason's Reply Brief in Support of the Motion, the parties devote some energy to debate of whether a non-supervisor human resources employee is a proper individual defendant in an age discrimination lawsuit brought under Chapter 4112 of the Ohio Revised Code. (*See* Pltf. Response, ECF No. 15, at 2-4 and Reply Br., ECF No. 16, at 1-2.) This is an issue for another day. The issue for this day is whether dismissal of Defendant Mason is appropriate. For the reasons previously stated, it is.

### III. Conclusion

Defendant Mason's Motion to Dismiss (ECF No. 7) is **GRANTED**. Plaintiff's claims against Defendant Mason are hereby dismissed and Mason is no longer party to this action.

**IT IS SO ORDERED.**

                                                **/s/ Gregory L. Frost**
                                                **GREGORY L. FROST**
                                                **UNITED STATES DISTRICT JUDGE**